FISH ET AL., APPELLEES, *v.* OHIO CASUALTY INSURANCE
COMPANY, APPELLANT, ET AL.

[Cite as *Fish v. Ohio Cas. Ins. Co.,*
101 Ohio St.3d 1210, 2004-Ohio-224.]

(No. 2003–1732—Submitted January 14, 2004—Decided February 4, 2004.)

{¶ 1} The discretionary appeal is not accepted.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur separately.

---

**LUNDBERG STRATTON, J., concurring.**

{¶ 2} I concur with the decision to deny jurisdiction. However, I write to express my view that *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, applies to all pending cases where a *Scott–Pontzer* claim has been raised. See *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. *Galatis* represents an intervening change in the law with respect to these claims and presents a compelling reason for courts below to reexamine a point of law. See *Ryan v. Mike–Ron Corp.* (1967), 63 Cal.Rptr. 601, 605–606.

{¶ 3} In the instant case, the court of appeals determined that the Ohio Casualty auto policy provided underinsured motorist coverage by operation of law and that the plaintiffs were entitled to recover under that provision of the policy. The court of appeals remanded for further proceedings. These proceedings should include application of *Galatis.*

{¶ 4} I concur with the majority to deny jurisdiction, however, because it is not the role of this court to accept jurisdiction over a case merely to apply *Galatis.* That is not the issue over which the appellant in this case requests review, and the courts below are in the position to apply, on remand, the law as it now stands.

O'DONNELL, J., concurs in the foregoing concurring opinion.

John S. Coury, for appellees.

Oldham & Dowling and Raymond C. Mueller, for appellant.