OPINION
{¶ 1} On December 29, 1997, appellee, Morgan Weaver, was injured in an accident caused by the negligence of another. Appellee was struck by a motor vehicle while riding his bicycle. At the time of the accident, appellee lived with his parents, Edward and Deborah Weaver. Mrs. Weaver was employed with Union Hospital Association, insured under a business automobile policy issued by American States Insurance Company, and a commercial general liability policy and an excess/umbrella policy issued by appellant, Continental Casualty Company.
 {¶ 2} On November 21, 2001, appellee filed a complaint for declaratory judgment against American States seeking underinsured motorists benefits under the business automobile policy, Stark Case No. 2001CV03201.
 {¶ 3} On June 13, 2002, appellee filed a complaint for declaratory judgment against appellant seeking underinsured motorists benefits under the commercial general liability policy and the excess/umbrella policy, Stark Case No. 2002CV02049.
 {¶ 4} On August 12, 2002, the trial court in Stark Case No. 2001CV03201 found appellee was entitled to coverage under the business automobile policy. An appeal was filed.
 {¶ 5} Stark Case No. 2002CV02049 against appellant was subsequently transferred to Tuscarawas County and became Tuscarawas Case No. 2002CV100709. The claim for benefits under the commercial general liability policy was voluntarily dismissed. All parties filed motions for summary judgment. By judgment entry filed April 10, 2003, the trial court found in favor of appellee, finding he was entitled to coverage under the excess/umbrella policy.
 {¶ 6} On June 16, 2003, this court reversed and remanded the decision in Stark Case No. 2001CV03201. See, Weaver v. AmericanStates Insurance Company, Stark App. No. 2002CA00362, 2003-Ohio-3174.
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 8} "The trial court erred by failing to dismiss this action sua sponte for lack of subject matter jurisdiction."
 II {¶ 9} "In the alternative, the judgment below must be vacated due to this court's subsequent decision and judgment in Weaverv. American States Ins. Co., 5th Dist. No. 2002 CA 00362, 2003-Ohio-3174."
 III {¶ 10} "The trial court erred by granting plaintiff's motion for summary judgment."
 IV {¶ 11} "The trial court erred by denying defendant's motion for summary judgment."
 I {¶ 12} Appellant claims the trial court did not have jurisdiction to rule on the excess/umbrella policy issue because appellee failed to join the underlying insurance company, American States. We disagree.
 {¶ 13} In support of its argument, appellant cites R.C.2721.12 which governs declaratory relief. Subsection (A) states in pertinent part, "Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." Appellant also cites the case of BrettonRidge Homeowners Club v. DeAngelis (1988), 51 Ohio App.3d 183, wherein our brethren from the Eighth District held failure to comply with R.C. 2721.12 divests the trial court of subject matter jurisdiction.
 {¶ 14} In the case sub judice, appellee filed a complaint for declaratory judgment against appellant only. Appellee did not include American States as said insurer was included in a separate declaratory judgment action filed in Stark County prior to the one filed against appellant.
 {¶ 15} Appellee concedes the two declaratory judgment actions "may have some practical effect on the other." Appellee's Brief at 9. However, appellee argues "it is clear that American States was not a necessary party to the declaratory claim against Continental because any determination of coverage under Continental's excess policy has no legal bearing whatsoever on a determination of coverage under American States' primary policy." Id. at 6. We agree.
 {¶ 16} Although in its April 10, 2003 judgment entry the trial court found appellee to be an insured under the uninsured/underinsured motorists provisions of the underlying American States' policy, we find this determination is not res judicata as to American States as same was not a party in the action sub judice. As such, the trial court's finding of coverage has no legal affect upon American States. Likewise, any decision as to American States in the Stark County action would have no legal affect upon appellant herein because appellant is not a party in said action.
 {¶ 17} Though it is obvious the claims against both insurers could have been filed together or, at the least, consolidated, the failure to do so does not divest either court of its subject matter jurisdiction of the claim against each insurer individually. The insured's rights against each insurer arise, if at all, from separate, albeit related in this case, contracts. This fact distinguishes this case from Bretton Ridge where the interests of the affected, non-joined parties all arose from the same deed restrictions.
 {¶ 18} Given the facts of this case, we find the trial court had subject matter jurisdiction to render a decision on the excess/umbrella policy.
 {¶ 19} Assignment of Error I is denied.
 II, III, IV {¶ 20} Appellant claims the trial court erred in granting summary judgment to appellee. We agree.
 {¶ 21} We note the genesis of appellee's claim is premised upon a claim for uninsured/underinsured motorists coverage pursuant to Scott-Pontzer v. Liberty Mutual Fire Insurance Co.,85 Ohio St.3d 660, 1999-Ohio-292, and Ezawa v. Yasuda Fire andMarine Ins. Co., 86 Ohio St.3d 557, 1999-Ohio-124. See, April 10, 2003 Judgment Entry, Finding of Fact No. 11 and Conclusion of Law No. 9. Based upon the Supreme Court of Ohio's recent decision in Westfield Insurance Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, and Justice Lundberg Stratton's concurring opinion in Fish v. Ohio Casualty Insurance Co.,101 Ohio St.3d 1210, 2004-Ohio-224, we find appellee is not entitled to coverage under the excess/umbrella policy.
 {¶ 22} Assignments of Error III and IV are granted. Assignment of Error II is moot.
 {¶ 23} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed.
Hoffman, P.J. and Wise, J., Concur.