I II {¶ 12} I must dissent from the decision reached by the majority. Both of these assignments of error address the issue of whether the Galatis
case should be applied here or whether the law of the case doctrine applies preventing application of Galatis to this case.
 {¶ 13} Law of the case doctrine holds that once a reviewing court has reversed and remanded a cause for further action in the trial court, and the Ohio Supreme Court, does not review it, the pronouncement of law by the intermediate court becomes law of the case and must be followed by the lower court in subsequent proceedings, see Pavlides v. Niles GunShow, Inc. (1996), 112 Ohio App.3d 609, 679, N.E.2d 729. The law of the case doctrine has evolved because it is necessary not only for results to be consistent and litigation be finally terminated, but also to preserve the integrity of the judiciary as set forth in the Ohio Constitution, Id. A trial court has no discretion to disregard the mandate of the appeals court in a prior appeal in the same case, absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, Id., citing Nolan v. Nolan (1984), 11 Ohio St. 1, 462 N.E.2d 410. An intervening Supreme Court decision is one which states a rule of law in conflict with the earlier mandate, State ex rel. Crandall, Pheils Wisniewski v. DeCessna (1995), 73 Ohio St.3d 180, 1995-Ohio-98,652 N.E.2d 742.
 {¶ 14} Law of the case doctrine is thus applicable to subsequent proceedings in the reviewing court, except an appellate court may chose to re-examine the law of the case it has itself previously created if it is the only means to avoid injustice, Pavlides, supra.
 {¶ 15} Appellant urges the decision of the Galatis case is an extraordinary circumstance which does state a rule of law in conflict with, and overrules Scott-Pontzer and its progeny. Appellant also urges this court should re-examine the law of the case because it is the only means to avoid injustice.
 {¶ 16} While appellant is correct that a decision of the court of supreme jurisdiction overruling a former decision is retrospective in its operation, the general exception to this rule is where a contractual right has arisen or vested rights have been acquired under the prior decision. In Lewis v. Symmes (1900), 61 Ohio St. 471, 56 N.E. 194, the Ohio Supreme Court noted: "the rule that retrospective operation should not be given to a change in judicial opinions respecting the constitutional validity of legislative enactments can be invoked only to avoid the impairment of the obligation of contracts which have been entered into pursuant to a statutory provision," syllabus by the court. The court explained the reason is to secure the full operation of the constitutional prohibition of laws impairing contracts.
 {¶ 17} In Peerless Electric Company v. Bowers (1955), 164 Ohio St. 209,129 N.E.2d 467, the Ohio Supreme Court expanded the rule first set forth in Lewis to mandate the retrospective application of decision overruling another decision, not just a statute. Recognizing the same exception to the rule as the Lewis court, the Peerless court stated courts should not respectively apply decisions where contract rights have arisen or vested rights have been acquired under the previous decision.
 {¶ 18} The parties to the contract at issue entered into the contract relying on the uninsured/underinsured statutes.
 {¶ 19} The recent case of Reinhart v. The Ohio Bureau of Workers'Compensation, Court of Claims Number 2002-08513, 2004-Ohio-312, is instructive. In Reinhart, an injured worker sought to recover funds he paid to the Bureau of Workers' Compensation pursuant to its subrogation rights in his personal injury settlement. After the claimant paid the funds over to the Bureau of Workers' Compensation, the statute giving the Bureau subrogation rights was struck down as unconstitutional. The court of claims found the Bureau of Workers' Compensation's right to subrogation had vested before the statute was declared unconstitutional, and thus, the claimant was not entitled to be reimbursed. The court of claims held the Supreme Court's decision striking down the statute must not be applied retroactively so as to nullify contractual rights and obligations, Id. citations deleted.
 {¶ 20} In the case before us, this court previously affirmed the trial court's determination appellee is an insured under appellant's policy on February 20, 2003. The delay in the trial court's Ferrando hearing was occasioned by another party's appeal, in which appellant had no interest.
 {¶ 21} I would find this matter deals with the enforcement of vested contractual rights, and thus, the Supreme Court mandate is to not applyGalatis retrospectively. At this particular point in time, we have received no mandate from the Ohio Supreme Court to apply Galatis to cases which have already proceeded through the appellate process, and which were resolved long before the Galatis opinion was announced. The only suggestion Galatis should apply is in Fish v. Ohio Casualty InsuranceCompany, 101 Ohio St.3d 1210, 2004-Ohio-224, 802 N.E.2d 149, wherein the Ohio Supreme Court declined to review the Fish case. Justice Lundberg-Stratton concurred in the decision, and Justice O'Donnell joined, urging that Galatis should apply to all pending cases where aScott-Pontzer claim has been raised. The concurrence urges Galatis
represents an intervening change in law sufficient to re-examine a point of law, but it is signed by only two justices. In my view, this is insufficient to overturn such a fundamental principle as the doctrine of law of the case, and is certainly insufficient to impair the Ohio Constitutional guarantee of freedom of contract.
 {¶ 22} I would overrule the first and second assignments of error.
 III {¶ 23} In its third assignment of error, appellant argues where the Ohio Supreme Court has issued an intervening decision and the trial court refuses to apply the decision, this constitutes a denial of equal protection under the law.
 {¶ 24} The trial court's decision here does not deny appellant's right to equal protection under the law. The trial court's decision does not do violence to the contract between appellant and its insured. In fact, the trial court's decision is based upon the Ohio Constitution's protection against laws which impair the obligations of contracts.
 {¶ 25} I would overrule the third assignment of error.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed.