Tony POSANTE, Plaintiff–Appellant,

v.

CAMBRIDGE MUTUAL FIRE INSUR-
ANCE COMPANY; Lumbermens Mu-
tual Casualty Company, Defendants–
Appellees.

No. 02–4383.

United States Court of Appeals,
Sixth Circuit.

Submitted: June 8, 2004.

Decided and Filed: Sept. 8, 2004.

Mark L. Wakefield (briefed), Lowe, Ek-
lund, Wakefield & Mulvihill, James L.
Deese (briefed) Cleveland, OH, for Plain-
tiff–Appellant.

Timothy John Fitzgerald (briefed),
David Paul Bradely, Gallagher, Sharp,
Fulton & Norman, Daniel A. Richards,
Ronald A. Risbo (briefed) Carol K. Metz,
Carol Metz (briefed), Weston, Hurd, Fal-
lon, Paisley & Howley, Cleveland, Oh, for
Defendant–Appellee.

Before: MARTIN and SUTTON,

Circuit Judges; QUIST, District Judge.*

## OPINION

BOYCE F. MARTIN, JR., Circuit Judge.

This appeal concerns the availability of underinsured motorist coverage under Ohio law. The Ohio Supreme Court recently issued a landmark decision in *Westfield Insurance Co. v. Galatis*, 100 Ohio St.3d 216, 797 N.E.2d 1256 (Ohio 2003), which changed and clarified the law in a way that is dispositive of this case.

Tony Posante, a former employee of Pepsico, Inc., seeks a declaration that Pepsico's insurer, Lumbermens Mutual Casualty Company, is liable for underinsured motorist coverage in connection with an accident in which his daughter, Ashley Posante, was struck and killed by an automobile as she was crossing a street. Mr. Posante settled claims against the driver's insurance carrier, State Farm Insurance Company, as well as with Mr. Posante's own homeowner's insurance carrier, Cambridge Mutual Insurance Company. The availability of underinsured motorist coverage under the Lumbermens policy is the sole subject of this lawsuit.

■ Mr. Posante's claim for underinsured motorist coverage is based upon *Scott–Pontzer v. Liberty Mutual Fire Insurance Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (Ohio 1999), and *Ezawa v. Yasuda Fire & Marine Ins. Co. of America*, 86 Ohio St.3d 557, 715 N.E.2d 1142 (Ohio 1999). The Ohio Supreme Court's recent decision in *Galatis*, however, significantly restricted the availability of underinsured motorist coverage under *Scott–Pontzer*, and expressly overruled *Ezawa*. *Galatis* held as follows:

Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation *only if the loss occurs within the course and scope of employment.* Additionally, where a policy of insurance designates a corporation as a named insured, the designation of 'family members' of the named insured as 'other insureds' *does not extend insurance coverage to a family member of an employee of the corporation,* unless that employee is also a named insured.

*Galatis*, 797 N.E.2d at 1271 (emphasis added). *See also Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624 (6th Cir.2004) (recognizing the restrictions that *Galatis* places upon the availability of *Scott–Pontzer* uninsured and underinsured motorist coverage). It is clear that Mr. Posante's claim for underinsured motorist coverage is not viable under *Galatis*.

■ Mr. Posante argues, however, that we should not apply *Galatis* in this case because: (1) the decision "represents a substantive departure from established precedent;" and (2) it "applies only to coverage under the ambiguous Ohio Uninsured Motorist Coverage Endorsement ... [and] not to the coverage imposed by operation of law that [Mr. Posante] has sought." These arguments lack merit. The Ohio Supreme Court has applied *Galatis* to bar coverage in cases that were pending at the time the decision was issued, and has not differentiated between coverage under the Ohio Uninsured Motorist Coverage Endorsement and coverage that is imposed by operation of law. *See In re Uninsured and Underinsured*

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

*Motorist Coverage Cases*, 100 Ohio St.3d 302, 798 N.E.2d 1077 (2003). *See also Jones v. Fed. Ins. Co.*, No.2003CA 00075, 2003 WL 22961343 (Ohio App. Dec. 15, 2003) (denying coverage based upon *Galatis* and explaining that "[e]ven though *Galatis* deals with the definition of an insured when there is express UM/UIM coverage, the reasoning was applied to UM/UIM coverage which arises by operation of law") (citing *In re Uninsured and Underinsured Motorist Coverage Cases*, 100 Ohio St.3d 302, 798 N.E.2d 1077). Therefore, contrary to Mr. Posante's assertions, *Galatis* governs our analysis of his claim.

Although *Galatis* was decided after the district court's judgment was entered, Lumbermen's motion for summary judgment was nevertheless granted on a different ground—namely, that Mr. Posante had breached a condition precedent to coverage. While we pass no judgment on the rationale employed by the district court, we hold that summary judgment in favor of Lumbermens was proper because Mr. Posante's claim for underinsured motorist coverage is foreclosed by *Galatis*. Accordingly, the district court's judgment is AF-FIRMED.