OPINION JUDGMENT ENTRY
{¶ 1} On November 29, 1998, appellee, Theresa Sharp, sustained injuries when struck by a motor vehicle operated by her daughter. Appellee was standing in her garage, and was not acting within the scope and course of her employment.
 {¶ 2} At the time of the accident, appellee was employed by the Licking County Board of Mental Retardation and Developmental Disabilities, insured under a business auto policy issued by Wausau Business Insurance Company.
 {¶ 3} On September 21, 2001, appellee filed a complaint seeking underinsured motorists benefits from Wausau. Wausau filed a counterclaim for declaratory judgment.
 {¶ 4} All parties filed motions for summary judgment. By judgment entry filed February 21, 2003, the trial court found appellee was entitled to underinsured motorists benefits under the Wausau policy. A nunc pro tunc judgment entry including Civ.R. 54(B) language was filed on August 5, 2003.
 {¶ 5} Wausau filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred as a matter of law by denying wausau business insurance company's motion for summary judgment and granting the motions for summary judgment of appellees theresa sharp and community health plan of ohio."
 I {¶ 7} Wausau claims the trial court erred in extending coverage under its business auto policy pursuant toScott-Pontzer v. Liberty Mutual Fire Insurance Co.,85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 8} The Wausau policy contained express uninsured/underinsured motorist coverage. The definition of an "insured" under the uninsured/underinsured motorist provisions of the policy is similar to the definition in Scott-Pontzer. See, Section B of the Ohio Uninsured Motorists Coverage — Bodily Injury, attached to Wausau's Answer as Exhibit A. Based upon the Supreme Court of Ohio's recent decision in Westfield InsuranceCo. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, we find appellee is not an insured under the policy.
 {¶ 9} The sole assignment of error is granted.
 {¶ 10} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed.