OPINION
{¶ 1} On June 2, 2000, Judy Kay Sheaffer died as a result of an automobile accident. At the time of the accident, Mrs. Sheaffer was employed by Rodhe's Market, insured under a commercial general liability policy and an umbrella policy issued by appellant, Argonaut Great Central Insurance Company.
 {¶ 2} On June 1, 2001, appellees, Mrs. Sheaffer's husband, Ricky Lee Sheaffer, and children, filed an initial complaint for wrongful death and coverage under various insurance policies. On October 31, 2001, appellees filed an amended complaint, naming appellant as a defendant and seeking uninsured/underinsured motorist coverage under its policies. All parties filed motions for summary judgment. By judgment entry filed August 15, 2003, the trial court found in favor of appellees, finding they were entitled to coverage under the commercial general liability and umbrella policies.
 {¶ 3} Appellant filed an appeal. This court affirmed in part and reversed in part the trial court's decision. Sheaffer v.Westfield Insurance Company, et al. (September 10, 2003), Holmes App. No. 02CA14. Specifically, this court found appellees were not entitled to coverage under the commercial general liability policy, but were covered under the umbrella policy. The case was remanded to the trial court for further proceedings.
 {¶ 4} Upon remand, the trial court filed a judgment entry on October 15, 2003, finding appellees to be covered under the umbrella policy and entitled to $525,000.
 {¶ 5} On October 24, 2003, appellant filed an appeal of this court's decision with the Supreme Court of Ohio. On November 5, 2003, the Supreme Court of Ohio issued its decision in WestfieldInsurance Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, which modified the holding of Scott-Pontzer v. Liberty MutualFire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292. On January 21, 2004, the Supreme Court of Ohio declined to hear appellant's appeal. Sheaffer v. Westfield Insurance Company, et al.,101 Ohio St.3d 1421, 2004-Ohio-123.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "The trial court erred by entering judgment in favor of plaintiffs-appellees because, as a matter of law, plaintiffs-appellees are not insureds under the argonaut umbrella policy."
 I {¶ 8} Appellant claims the trial court's finding that appellees are insureds under the umbrella policy is contrary to the Supreme Court of Ohio's ruling in Westfield Insurance Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. We disagree.
 {¶ 9} The central question is whether the November 5, 2003Galatis decision affects this case. We find the procedural history in this case to be distinguishable from previous decisions wherein this court found the Galatis decision to be applicable. Pillo v. Stricklin, Stark App. No. 2003CA00212,2004-Ohio-1570; Gooding v. National Fire Insurance Company ofHartford, Stark App. No. 2003CA00199, 2004-Ohio-693; Sharp v.Wausau Business Insurance Company, Licking App. No. 2003CA00070,2004-Ohio-4030.
 {¶ 10} As noted during oral argument, this case falls squarely within a gap created by this court's reversal in part and remand on September 10, 2003, the trial court's October 15, 2003 decision upon remand, and the Galatis decision issued on November 5, 2003. Appellant argues because the thirty day time frame for filing an appeal of the trial court's October 15, 2003 decision expired after the Supreme Court of Ohio issued theGalatis ruling, the law of the case doctrine does not apply and this court should follow the dictates of Galatis in this case.
 {¶ 11} For the following reasons, we find the law of the case doctrine applies sub judice. In Peerless v. Bowers (1955),164 Ohio St. 209, 210, the Supreme Court of Ohio held the following:
 {¶ 12} "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision."
 {¶ 13} Appellees acquired a vested right with the trial court's August 15, 2002 decision on summary judgment. In said decision, the trial court specifically determined the amount of damages and rendered judgment:
 {¶ 14} "THEREFORE, IT IS HEREBY ORDERED that judgment shall be and hereby is rendered in favor of Plaintiffs against Defendant Argonaut Great Central Insurance Company, in the amount of $525,000.00, plus interest at 10% per annum from November 14, 2001, plus costs."
 {¶ 15} Pursuant to App. R. 12(B), this court's opinion on appeal did not affect or change the trial court's judgment, but specifically affirmed the judgment. Therefore, this court's opinion did not change, modify or reverse the trial court's award of damages.
 {¶ 16} Upon remand, the trial court was not required to redetermine a specific amount for damages under the umbrella policy, but was required to vacate the order as it pertained to the granting of appellant's first assignment of error involving the commercial general liability policy.
 {¶ 17} Because the trial court's judgment was in effect throughout the entirety of the original appeal, the subsequent motion to reconsider and the trial court's October 15, 2003 decision, we find the doctrine of law of the case applies. Appellees' vested right is not abrogated by the Galatis
decision.
 {¶ 18} The sole assignment of error is denied.
 {¶ 19} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed.