OPINION
{¶ 1} Appellant Karen Fish, as the Administrator of the Estate of Kenneth Fish ("appellants"), appeals the decision of the Stark County Court of Common Pleas on the basis that it improperly applied theGalatis[1] decision to preclude coverage under an automobile liability policy issued by Appellee Ohio Casualty Insurance Company ("Ohio Casualty") to the decedent's employer. The following facts give rise to this appeal.
 {¶ 2} On June 22, 2001, pursuant to the Ohio Supreme Court's decision in Scott-Pontzer,[2] Appellant Karen Fish initiated a declaratory judgment action against Ohio Casualty, the automobile insurer of the decedent's employer. The sole issue, in the declaratory judgment action, was whether the decedent and his estate were entitled to UIM coverage under the automobile liability policy issued by Ohio Casualty.
 {¶ 3} In a judgment entry filed on December 17, 2002, and in a nunc pro tunc judgment entry filed on December 19, 2002, the trial court concluded that appellants were not entitled to UIM coverage under Ohio Casualty's automobile liability policy. Appellants appealed to this court and on August 18, 2003, we reversed the trial court's ruling and remanded the matter to the trial court for further proceedings consistent with our opinion. In doing so, we held that the decedent and his estate were entitled to UIM coverage by operation of law because Ohio Casualty failed to make a valid offer of coverage and obtain a valid rejection of said coverage. See Fish, et al. v. Ohio Cas. Ins. Co., et al., Stark App. No. 2003CA00036, 2003-Ohio-4381.
 {¶ 4} Thereafter, on October 1, 2003, Ohio Casualty filed an appeal to the Ohio Supreme Court. While this matter was pending, the Ohio Supreme Court issued its decision in Galatis. On February 4, 2004, the supreme court declined jurisdiction over Ohio Casualty's discretionary appeal. See Fish, et al v. Ohio Cas. Co., et al., 101 Ohio St.3d 1210,2004-Ohio-224. Subsequently, on February 12, 2004, Ohio Casualty filed a motion for hearing and/or leave to file a motion for summary judgment. Appellants requested more time to respond to Ohio Casualty's motion. The trial court declined appellants' request and on February 20, 2004, the trial court issued a judgment entry in which it applied Galatis and denied appellants coverage under Ohio Casualty's automobile liability policy.
 {¶ 5} Appellants filed a motion to vacate the trial court's judgment entry on February 25, 2004. The trial court denied appellants' motion on March 8, 2004. Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 6} "I. The trial court erred in reconsidering the issue of uim coverage, which was barred by res judicata, because this court's determination that fish was entitled to uim coverage became final once the supreme court rejected ohio casualty's discretionary appeal.
 {¶ 7} "II. The trial court erred in reconsidering the issue of uim coverage because this court's decision regarding said coverage became the law of the case once the supreme court refused jurisdiction over ohio casualty's discretionary appeal.
 {¶ 8} "III. The trial court erred in denying fish's motion to vacate the february 20, 2004 judgment entry in accordance with Civ.R. 60(b)."
 I {¶ 9} In their First Assignment of Error, appellants maintain the trial court erred when it reconsidered the issue of UIM coverage, which was barred by res judicata, because our determination that appellants were entitled to UIM coverage became final once the Ohio Supreme Court rejected Ohio Casualty's discretionary appeal. We disagree.
 {¶ 10} Appellants claim the doctrine of res judicata barred the trial court from applying the Galatis decision to the case sub judice. The doctrine of res judicata is defined as "[a] valid, final judgment rendered upon the merits [that] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, syllabus, 1995-Ohio-331. The doctrine is a substantive rule of law that applies to a final judgment. [Citations omitted.]Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, at ¶ 22.
 {¶ 11} Appellants maintain the judgment in this case became final when the Ohio Supreme Court declined jurisdiction to hear Ohio Casualty's discretionary appeal. Specifically, appellants argue our decision on August 18, 2003, finding appellants entitled to UIM coverage, was a determination of law which left the trial court with nothing to do upon remand. Appellants also maintain Ohio Casualty cannot rely upon a change in the law to justify its attempt to relitigate the issue of coverage.
 {¶ 12} Appellants cite three cases in support of their First Assignment of Error. The first case appellants cite is Phung v. WasteMgt., Inc., 71 Ohio St.3d 408, 1994-Ohio-389. In Phung, the Ohio Supreme Court held "* * * the trial court was precluded from considering on remand the plaintiff's wrongful-discharge claim where that claim had been dismissed and the dismissal had been affirmed on appeal. Although Phung's claim for intentional infliction of emotional distress remained pending, * * * [the Court] held that dismissal of the wrongful-death claim constituted a final judgment on that particular cause of action, and res judicata applied to bar relitigation." Hopkins, supra, at ¶ 21, citingPhung at 412-413.
 {¶ 13} The second case appellants refer to is this court's recent decision in Sheaffer v. Westfield Ins. Co., Holmes App. No. 03CA006,2004-Ohio-6755. Sheaffer involved a complaint for wrongful death and coverage under various insurance policies. Id. at ¶ 2. All parties eventually filed motions for summary judgment regarding the issue of coverage. Id. In a judgment entry dated August 15, 2003, the trial court found in favor of plaintiffs determining they were entitled to coverage under the commercial general liability and umbrella policies. Id. Westfield appealed and this court affirmed in part and reversed in part the trial court's decision. Id. at ¶ 3. Specifically, we found plaintiffs were not entitled to coverage under the commercial general liability policy, but were covered under the umbrella policy. Id. The case was remanded to the trial court for further proceedings. Id.
 {¶ 14} Upon remand, the trial court filed a judgment entry, on October 15, 2003, finding appellees to be covered under the umbrella policy and entitled to $525,000. Id. at ¶ 4. On October 24, 2003, Westfield filed an appeal with the Ohio Supreme Court. Id. at ¶ 5. On November 5, 2003, the Ohio Supreme Court issued its decision in Galatis. Id. On January 21, 2004, the supreme court declined to hear Westfield's appeal. Id.
 {¶ 15} Thereafter, on appeal to this court, we applied the doctrine of the law of the case and found Galatis inapplicable. In doing so, we found the trial court's judgment of August 15, 2003, was in effect throughout the entirety of the original appeal and therefore, appellees had a vested right which could not be abrogated by the Galatis decision. Id. at ¶ 17.
 {¶ 16} The third case appellants refer to is Morton Internatl., Inc.v. Continental Ins. Co. (1995), 104 Ohio App.3d 315, which held as follows:
 {¶ 17} When, in a declaratory judgment action to determine whether property damage was covered or was excluded under either a pollution exclusion or a petroleum exclusion, the court of appeals affirmed summary judgment for the insureds on the pollution-exclusion issue, and this insurer did not appeal this issue to the supreme court, judgment on this issue became final. Id. at 320. When nothing was remanded to the trial court on the pollution exclusion, no justifiable controversy remained on this issue; the trial court was obliged to accept the pollution-exclusion issue as finally decided, notwithstanding an intervening decision of the supreme court on the same subject. Id. On remand, the trial court thus erred in entertaining new motions for summary judgment on the pollution exclusion. Id.
 {¶ 18} In response to appellants' argument and the above-cited case law, Ohio Casualty contends a final judgment had not been entered, in favor of appellants, prior to the trial court's judgment entry of February 20, 2004, and therefore, the doctrine of res judicata did not bar the trial court's application of Galatis. In support of this argument, American National cites the Ohio Supreme Court's recent decision in Hopkins v. Dyer, supra.
 {¶ 19} In Hopkins, plaintiff filed suit against the alleged tortfeasor and various insurance companies asserting claims for underinsured motorist coverage pursuant to Scott-Pontzer. Id. at ¶ 8. Lumbermens Mutual Casualty Company ("Lumbermens") filed a declaratory judgment action with respect to coverage issues. Id. The cases were consolidated. Id. The trial court awarded summary judgment to Lumbermens concluding plaintiff was not entitled to UM/UIM coverage because she was not an insured under the Lumbermens policies. Id. at ¶ 9.
 {¶ 20} Plaintiff appealed to this court. On appeal, we reversed the judgment of the trial court finding Lumbermens had been obligated to offer UM/UIM coverage but failed to do so. Id. at ¶ 10. Thus, we concluded coverage arose by operation of law under former R.C. 3937.18. Id. We also held that pursuant to Scott-Pontzer, plaintiff was an insured for purposes of UM/UIM coverage under both Lumbermens policies. Id. Accordingly, we remanded the cause to the trial court for the court to decide issues of stacking, pro rata coverage, exposure and other potential affirmative defenses that the trial court had not considered. Id. at ¶ 11.
 {¶ 21} Upon remand, the trial court held, as a matter of law, that plaintiff was insured under the Lumbermens policies and that both policies provided coverage by operation of law pursuant to Scott-Pontzer. Id. at ¶ 12. The trial court also concluded none of the terms, conditions or exclusions in the Lumbermens liability coverage applied because UIM coverage was imposed by operation of law. Id. The trial court allowed a setoff for $15,000 previously recovered by the tortfeasor's insurer. Id.
 {¶ 22} The case was again appealed to this court. On appeal, we affirmed the decision of the trial court. Id. at ¶ 13. Lumbermens moved for reconsideration based upon Galatis, which had been decided twelve days before our affirmance of the second appeal. Id. We denied reconsideration ruling that the law-of-the-case doctrine precluded the application of Galatis. Id. Lumbermens appealed to the Ohio Supreme Court. Id. at ¶ 14.
 {¶ 23} On appeal, the Ohio Supreme Court concluded the doctrine of the law of the case applied, not res judicata, because there was no final judgment as to insurance coverage in that the trial court still had to decide various defenses, including prejudice from the long delay in notifying Lumbermens of plaintiff's UIM claim. Id. at ¶ 22.
 {¶ 24} For the reasons set forth in Hopkins, we conclude the doctrine of res judicata does not apply, in the case sub judice, because the trial court had not issued a final judgment. The trial court never rendered a final judgment in this matter prior to its decision on February 20, 2004. In fact, the only decision entered regarding coverage prior to February 20, 2004, was the trial court's decisions entered on December 17, 2002 and December 19, 2002, wherein it determined appellants were not entitled to coverage under Ohio Casualty's automobile liability policy.
 {¶ 25} Further, unlike the Sheaffer case, upon remand from the court of appeals, the trial court did not enter judgment pursuant to our mandate. Rather, Ohio Casualty filed a notice of appeal with the Ohio Supreme Court. We also find the Phung decision factually distinguishable because it involved a final judgment and therefore, res judicata applied to bar relitigation of the wrongful-discharge claim.
 {¶ 26} Finally, the Morton case is also distinguishable from our case because, in Morton, nothing was remanded to the trial court about the pollution-exclusion. Therefore, when no appeal was taken to the Ohio Supreme Court, the court of appeals' decision became final. "In the absence of a remand, the fact that a subsequent decision of the supreme court is handed down on the same subject is immaterial to issues which have been finally resolved." Morton, supra, at 321.
 {¶ 27} In the matter currently before the court, appellants maintain our remand to the trial court amounted to nothing more than performing an administrative or ministerial act because our finding that appellants were entitled to coverage was a determination of law. Thus, appellants conclude the remand was solely for the trial court to apply this court's mandate which had become final when the Ohio Supreme Court refused to accept Ohio Casualty's appeal. As such, appellants maintain the trial court was not permitted to reconsider the coverage issue in light ofGalatis.
 {¶ 28} We disagree with this argument. As explained by the Ohio Supreme Court in Cleveland Elec. Illuminating Co. v. Pub. UtilitiesComm. of Ohio (1976), 46 Ohio St.2d 105, 110, a "remand" is:
 {¶ 29} "* * * to send back to the original tribunal for further proceedings, generally upon orders or directions from the higher court. When a court acts to remand a cause, it is not itself finally determining the outcome of the cause, nor is it executing a judgment in favor of one of the parties. The judgment is given legal effect when it is executed by the lower tribunal, and the judgment as rendered is that of the tribunal to which the cause had been remanded. [Citation omitted.]"
 {¶ 30} Further, in Frate v. Al-Sol, Inc. (Nov. 24, 1999), Cuyahoga App. No. 76526, the Eighth District Court of Appeals stated the importance of a trial court's entry of judgment upon remand from the trial court. The court explained "[t]he filing of a mandate is not a final appealable order of the common pleas court but is a directive from this court [court of appeals] to the common pleas court to `proceed as if the final order, judgment, or decree had been rendered in it.' Any other conclusion would allow this court [court of appeals] to review its own decision, an obviously improper result." Id. at 3.
 {¶ 31} As noted above, the trial court, in the case sub judice, never entered a final judgment pursuant to our mandate upon remand. Instead, Ohio Casualty appealed this matter to the Ohio Supreme Court before the trial court entered judgment. Therefore, until the trial court executed the judgment, pursuant to our remand, the judgment was not final and the doctrine of res judicata inapplicable.
 {¶ 32} Appellants' First Assignment of Error is overruled.
 II {¶ 33} In their Second Assignment of Error, appellants contend the trial court erred when it reconsidered the issue of UIM coverage, in light of the Galatis decision, because our decision regarding coverage became the law of the case once the Ohio Supreme Court declined jurisdiction in Ohio Casualty's appeal. We disagree.
 {¶ 34} In Hopkins v. Dyer, supra, the Ohio Supreme Court discussed the law-ofthe-case doctrine and stated as follows:
 {¶ 35} "The law of the case is a longstanding doctrine in Ohio jurisprudence. `[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' Nolan v. Nolan, 11 Ohio St.3d at 3, 11 OBR 1,462 N.E.2d 410. The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. State ex rel. Potain v. Mathews (1979),59 Ohio St.2d 29, 32, 13 O.O.3d 17, 391 N.E.2d 343. It is considered a rule of practice, not a binding rule of substantive law. Hubbard ex rel.Creed v. Sauline (1996), 74 Ohio St.3d 402, 404, 659 N.E.2d 781."Hopkins at ¶ 15.
 {¶ 36} The Court also explained, in Hopkins, that it has previously recognized an exception to the doctrine of the law of the case in Jonesv. Harmon (1930), 122 Ohio St. 420, wherein it held that an inferior court must take notice of an intervening decision, by a superior court, that is inconsistent with the law of the case. Id. at ¶ 16. The Court found the facts of Hopkins similar to those considered in Jones. Thus, the Court held that the decision, in Galatis, constituted extraordinary circumstances that created an exception to the law-of-the-case doctrine because Galatis constituted an intervening decision by a superior court that was inconsistent with the law of the case. Id. at ¶ 18.
 {¶ 37} Appellants argue the only exception to the-law-of-the case doctrine, an intervening decision by the Ohio Supreme Court, is not applicable in the case sub judice because the Galatis decision does not qualify as an intervening decision since it was decided before a court of final review passed upon the case sub judice (i.e., the Ohio Supreme Court declined to accept jurisdiction over Ohio Casualty's appeal three months after the Galatis decision.)
 {¶ 38} Specifically, appellants attempt to narrow the application of an intervening decision by arguing that a decision is intervening only when it is decided after the court of final review decides the case but before the trial court applies the reviewing court's mandate. Appellants further maintain that in the case sub judice, the Ohio Supreme Court clearly had the opportunity to apply Galatis, but chose not to do so when it refused to accept jurisdiction.
 {¶ 39} In support of this assignment of error, appellants cite the case of Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320. InTransamerica, the Ohio Supreme Court denied further appeal and the case was remanded to the trial court. Id. at 321. There were no additional issues to be resolved. Id. However, due to an administrative oversight, the trial court did not enter judgment upon remand and the matter remained pending on the trial court's docket. Id. While the case was pending, the Ohio Supreme Court issued a decision in Derr v. WestfieldCos. (1992), 63 Ohio St.3d 537. Id. Plaintiffs filed a motion for judgment in their favor based upon the Derr decision. Id. The trial court denied plaintiffs' motion and entered a nunc pro tunc judgment entry in favor of the insurance companies. Id. The court of appeals affirmed. Id.
 {¶ 40} On appeal to the Ohio Supreme Court, the Court held:
 {¶ 41} "* * * [T]he law of the case was established by the court of appeals, and the trial court was required to act accordingly. A subsequent decision by this court should have had no bearing on the trial court's duty to comply with the decision of the court of appeals. This is true where, as here, an administrative oversight necessitated the use of anunc pro tunc entry." Id. at 324.
 {¶ 42} We find the Transamerica decision distinguishable from the facts of the case sub judice. First, the Ohio Supreme Court held that the case remained active when Derr was decided solely due to an administrative oversight and therefore, the subsequent supreme court decision should not apply. Further, unlike in Transamerica, Galatis
became the controlling law, on November 5, 2003, prior to the Ohio Supreme Court's decision to decline jurisdiction over this matter on February 4, 2004. Thus, Galatis was the controlling law when the trial court had the first opportunity to enter a final judgment in this matter pursuant to our mandate of August 18, 2003.
 {¶ 43} Accordingly, we decline to adopt the narrow application of what constitutes an intervening decision proposed by appellants. The Ohio Supreme Court has defined an "intervening decision" not in terms of application, but rather substance. Thus, according to the Ohio Supreme Court, an "intervening decision" is one which states a rule of law in conflict with the earlier mandate. State ex rel. Crandall, Pheils Wisniewski v. DeCessna (1995), 73 Ohio St.3d 180, 183, 1995-Ohio-98. Clearly, Galatis is an intervening decision as it narrows the application of Scott-Pontzer, overrules Ezawa and conflicts with our prior decision of August 18, 2003.
 {¶ 44} Further, in Pillo v. Stricklin, Stark App. No. 2003CA00212,2004-Ohio-1570, we recently declined to apply the law-of-the-case doctrine and recognized Galatis as an intervening decision. In Pillo,
after the Ohio Supreme Court declined jurisdiction in an appeal, the trial court appointed an arbitration chairperson and ordered that arbitration occur within sixty days of the trial court's order. Id. at ¶ 11. Continental Casualty Company appealed the trial court's order of arbitration. Id. at ¶ 14. On appeal, we applied Galatis and explained:
 {¶ 45} "We find that, due to the intervening decision issued by the Ohio Supreme Court in Galatis, supra. (sic), the law of the case doctrine is inapplicable and that our previous decision in this matter holding that appellees were entitled to UM/UIM coverage under both policies must be re-examined. * * * We find that the Ohio Supreme Court Galatis case was an `intervening decision' that created extraordinary circumstances justifying such re-examination. * * * Clearly, it would be unjust to allow appellees to recover despite the recent Galatis case simply because they had a previous appeal to this and to the Ohio Supreme Court, which declined jurisdiction, when we currently are applying Galatis to cases that are up on appeal for the first time." Id. at ¶ 25.
 {¶ 46} We also reject appellants' argument that the Ohio Supreme Court's refusal to allow Ohio Casualty's discretionary appeal meant thatGalatis should not be applied. It is well settled that one may not draw any conclusions from the Ohio Supreme Court's decision to accept or decline a discretionary appeal. Swetland Co. v. Evatt (1941),139 Ohio St. 6, 18.
 {¶ 47} The Second District Court of Appeals also reached the conclusion that the law-of-the-case doctrine is inapplicable in a case factually identical to the case sub judice. In Wright v. Cincinnati Ins.Co., Montgomery App. No. 20640, 2004-Ohio-5932, plaintiff filed a complaint, on June 29, 2001, against Cincinnati Insurance Company ("Cincinnati") seeking Scott-Pontzer coverage. Id. at ¶ 5. On February 3, 2003, the trial court granted Cincinnati's motion for summary judgment and denied plaintiff's motion for summary judgment. Id. at ¶ 12. On August 8, 2003, the court of appeals sustained appellant's appeal and remanded the matter to the trial court. Id. at ¶ 13. Cincinnati filed a notice of appeal, with the Ohio Supreme Court, on September 20, 2003. Id.
 {¶ 48} The Ohio Supreme Court issued its decision, in Galatis, on November 5, 2003. Id. On December 24, 2003, the supreme court declined to hear Cincinnati's appeal. Id. at ¶ 14. Thereafter, on remand, Cincinnati filed a motion with the trial court to return the case to the active docket. Id. The trial court granted Cincinnati's motion and both parties filed motions for summary judgment. Id. The trial court granted Cincinnati's motion and denied plaintiff's motion for summary judgment finding Galatis to be an intervening decision. Id. at ¶ 16. On appeal, the court of appeals affirmed the decision of the trial court. Id. at ¶ 32.
 {¶ 49} The court of appeals considered many of the same arguments set forth by appellants in the case sub judice. Namely, that the law of the case was established on December 24, 2003, when the Ohio Supreme Court declined jurisdiction over Cincinnati's appeal; that because Cincinnati did not file a motion for reconsideration with the supreme court Cincinnati waived its right to raise Galatis; and that Galatis is not an "intervening decision" because it was rendered before the supreme court denied Cincinnati's appeal. Id. at ¶ 28-31.
 {¶ 50} In addressing the above arguments, the court of appeals made the following observations. First, the Transameric a case was distinguishable because "[u]nlike in Transamerica, Galatis became the controlling law prior to remand, and it was applicable to pending cases at the time that this action was remanded to the trial court, i.e., in December 2003. Thus, * * *, Galatis was the controlling law at the time that the trial court could have first taken any action based on Wright
I." Id. at. ¶ 28.
 {¶ 51} Second, the court of appeals stated that it agreed with appellant that Wright I became the law of the case when the supreme court declined jurisdiction. Id. at ¶ 29. However, the court of appeals recognized that the law-of-the-case doctrine is a rule of practice which should not be applied to achieve unfair results. Id. The court concluded it would be unjust to allow plaintiff to recover UIM benefits, despite the fact that Galatis had been rendered while the case remained pending and particularly when Galatis was rendered between the issuance ofWright I and the remand to the trial court. Id. Thus, the court concluded that, "[b]ecause our decision in Wright I was rendered prior to Galatis
and because Cincinnati's appeal came to naught, we have no difficulty finding that Galatis was an `extraordinary circumstance' which warranted disregarding Wright I upon remand." Id.
 {¶ 52} Third, the court of appeals concluded that Cincinnati was not required to seek reconsideration by the Ohio Supreme Court on the basis of Galatis in order to preserve the issue. Id. at ¶ 30. The court stated that because the supreme court's denial of jurisdiction was not a decision on the merits of Cincinnati's appeal, it was reasonable for Cincinnati to raise Galatis before the trial court upon remand. Id.
 {¶ 53} Fourth, the court of appeals rejected plaintiff's argument that her rights vested when the supreme court declined to accept Cincinnati's appeal. Id. at ¶ 31. Specifically, plaintiff argued Wright I was a final declaratory judgment on coverage and the trial court could not reopen that judgment to apply a case decided before the judgment was final. Id.
 {¶ 54} The court of appeals disagreed and instead held that in Wright
I, it did not enter judgment in favor of plaintiff. Id. Instead, the court of appeals "remanded for further proceedings consistent with this opinion." Id. Thus, on remand, the trial court still had to apply Wright I to the facts before it and enter judgment. Id. The court of appeals also noted the stacking issue remained pending. Id. Accordingly, the case had not yet been finally resolved and no judgment had been issued because a right cannot vest until a judgment is secured. Id.
 {¶ 55} We would also note that when the Ohio Supreme Court declined jurisdiction in this matter, Justice Lundberg Stratton and Justice O'Donnell made the following statement concerning the application ofGalatis:
 {¶ 56} "I concur with the decision to deny jurisdiction. However, I write to express my view that Westfield Ins. Co. v. Galatis, * * * applies to all pending cases where a Scott-Pontzer claim has been raised. * * * Galatis represents an intervening change in the law with respect to these claims and presents a compelling reason for courts below to reexamine a point of law. * * *
 {¶ 57} "In the instant case, the court of appeals determined that the Ohio Casualty auto policy provided underinsured motorist coverage by operation of law and that the plaintiffs were entitled to recover under that provision of the policy. The court of appeals remanded for further proceedings. These proceedings should include application of Galatis.
 {¶ 58} "I concur with the majority to deny jurisdiction, however, because it is not the role of this court to accept jurisdiction over a case merely to apply Galatis. That is not the issue over which the appellant in this case requests review, and the courts below are in the position to apply, on remand, the law as it now stands." Fish v. OhioCas. Ins. Co., 101 Ohio St.3d 1210, 2004-Ohio-224, at ¶ 2-4.
 {¶ 59} Finally, in Shirley v. Republic-Franklin Ins. Co.,104 Ohio St.3d 638, 2005-Ohio-182, a recent decision from the Ohio Supreme Court, the Court reversed our decision, pursuant to Hopkins v.Dyer, supra, and remanded the matter to the trial court for the application of Galatis. The Shirley case is significant because the Court concluded the doctrine of the law of the case was not applicable even where the trial court's prior decision was challenged in a motion for relief from judgment, pursuant to Civ.R. 60(B)(5), on issues not directly addressed but disposed of in an earlier unappealable decision.
 {¶ 60} Accordingly, for the foregoing reasons, we conclude the trial court properly applied Galatis as an intervening decision of the Ohio Supreme Court and therefore, the doctrine of the law of the case is inapplicable.
 {¶ 61} Appellants' Second Assignment of Error is overruled.
 III {¶ 62} Appellants maintain, in their Third Assignment of Error, the trial court erred when it denied their motion to vacate the February 20, 2004 judgment entry. We disagree.
 {¶ 63} Appellants sought to vacate the trial court's judgment entry on the basis that our reversal and ruling of August 18, 2003, in favor of appellants, concluded all the coverage issues involving Ohio Casualty and as such, the doctrine of res judicata applied. The standard of review on appeal of a motion to vacate pursuant to Civ.R. 60(B) is an abuse of discretion. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, paragraph three of the syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 64} For the reasons set forth in appellant's First Assignment of Error, we find our decision of August 18, 2003, was not a final order since we remanded this matter to the trial court for further proceedings consistent with our opinion. Therefore, res judicata does not apply. Accordingly, the trial court did not abuse its discretion when it overruled appellants' motion to vacate.
 {¶ 65} Appellants' Third Assignment of Error is overruled.
 {¶ 66} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to appellants.
[1] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
[2] Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292.