SHEAFFER ET AL., APPELLEES, *v.* WESTFIELD INSURANCE COMPANY ET AL.; ARGONAUT GREAT CENTRAL INSURANCE COMPANY, APPELLANT.

**[Cite as *Sheaffer v. Westfield Ins. Co.*, 110 Ohio St.3d 265, 2006-Ohio-4476.]**

(Nos. 2005–0078 and 2005–0457—Submitted December 13, 2005—Decided September 13, 2006.)

**MOYER, C.J.**

{¶ 1} This appeal requires us to answer the following issue certified by the Court of Appeals for Holmes County: "Whether a judgment for damages entered following application of and based on entitlement to UM/UIM benefits under R.C. 3937.18 precludes retrospective application of a decision by the Ohio Supreme Court changing the relevant law where the Ohio Supreme Court issued the subject decision after the trial court entered the judgment for damages but before the 30 day time to appeal from the trial court's judgment ran."

{¶ 2} Based on the unique facts of this case, we answer the question in the affirmative and affirm the judgment of the court of appeals.

{¶ 3} The wife of appellee Ricky Sheaffer, Judy Kay Sheaffer, was killed in an auto accident involving an uninsured motorist. At the time of her death, Mrs. Sheaffer was employed by Rodhe's Market, Inc., which had a motor vehicle liability policy through Westfield Insurance Company and a commercial general liability and umbrella policy issued by Argonaut Great Central Insurance Company. These policies were in effect in June 2000, the time of Mrs. Sheaffer's death. The parties agree that Mrs. Sheaffer was not within the scope of her employment at the time of the accident.

{¶ 4} Sheaffer and his children filed suit against Westfield and Argonaut to recover benefits under their uninsured/underinsured-motorist coverage pursuant to this court's holdings in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, overruled in part by *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142. Westfield settled with the Sheaffers; Argonaut disputed the Sheaffers' entitlement to uninsured-motorist coverage. Both Argonaut and the Sheaffers moved for summary judgment. While Argonaut continued to dispute coverage, the parties agreed to stipulate damages at $525,000.

{¶ 5} On August 15, 2002, the trial court found in favor of the Sheaffers and entered a judgment declaring: "Plaintiffs' decedent and Plaintiffs are all insureds under the UM coverage provided by both the Argonaut GCL Policy and the Argonaut Umbrella Policy. * * * Plaintiffs are entitled to judgment against Argonaut for $525,000."

{¶ 6} Upon Argonaut's appeal, the court of appeals held that Argonaut was not liable under the commercial general liability policy but was liable under the umbrella policy. *Sheaffer v. Westfield Ins. Co.*, Holmes App. No. 02 CA 14, 2003-Ohio-4810, 2003 WL 22098897, at ¶ 11 and 23 ("*Sheaffer I* "). The court remanded the cause to the trial court. Id. at ¶ 46.

{¶ 7} We have previously held that "[a] trial court may not vary the mandate of an appellate court, but is bound by that mandate on the questions of law decided by the reviewing court." *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 323, 649 N.E.2d 1229; see, also, *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410 ("where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law").

{¶ 8} Following the mandate of the court of appeals, the trial court entered a judgment entry on October 15, 2003, that stated: "In accordance with the Opinion and Judgment Entry of the Court of Appeals, this Court hereby finds that the Argonaut GCL Policy was not a motor vehicle liability policy * * *. This Court further finds, however, that its remaining Conclusions of Law, and hence its ultimate decision to grant Plaintiffs' Motion for Summary Judgment * * *, were affirmed by the Court of Appeals and remain valid, unaffected by the reversal of this Court's first Conclusion of Law. * * * Plaintiffs are entitled to judgment against Argonaut for $525,000."

{¶ 9} On November 5, 2003, we decided *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 62, limiting the scope of uninsured-motorist coverage under particular policy language to employees acting within the scope of their employment.

{¶ 10} On October 24, 2003, prior to our decision in *Galatis*, Argonaut filed in this court a motion in support of acceptance of a discretionary appeal of *Sheaffer I*. On January 21, 2004, we declined to accept jurisdiction of the appeal. *Sheaffer v. Westfield Ins. Co.*, 101 Ohio St.3d 1421, 2004-Ohio-123, 802 N.E.2d 153.

{¶ 11} While simultaneously appealing the ruling in *Sheaffer I* to this court, Argonaut appealed the trial court's October 15 judgment on November 12, 2003. The court of appeals affirmed the trial court's order on December 3, 2004. Holmes App. No. 03CA006, 2004-Ohio-6755, 2004 WL 2895985 ("*Sheaffer II* "). We accepted Argonaut's discretionary appeal from that judgment and recognized the certified conflict on May 2, 2005.

{¶ 12} The legal issues that determined this case were terminated on January 21, 2004, when we denied jurisdiction of *Sheaffer I*. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d at 323, 649 N.E.2d 1229 ("Further appeal to this court was denied * * *, and therefore the law-of-the-case doctrine dictated final judgment for the insurers"). A valid judgment entry had been entered by the trial court; the court of appeals did not substantially change that judgment. The trial court, consistently with the instructions of the court of appeals, made a minor modification to its order. No new evidence was required. No new argument was heard. No briefs were submitted. Prior to the first round of appeals, a judgment had

been entered against Argonaut for $525,000. It was found liable under both its general comprehensive liability policy and its umbrella policy. After the first round of appeals, Argonaut still had a judgment against it for $525,000. Pursuant to this judgment, Argonaut was liable only under the umbrella policy. Because both policies limited the insurers' liability to $1,000,000, the court of appeals' decision had no practical effect on the judgment. After this court denied jurisdiction, there was nothing for the Sheaffers to do but collect on their October 15 judgment.

{¶ 13} Argonaut argues that *Galatis* should be applied retroactively to foreclose liability because its appeal was pending at the time that *Galatis* was decided. See *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329. While Argonaut's argument is generally correct, it does not apply to the particular facts of this case. When we denied jurisdiction over *Sheaffer I*, that decided the issue and prevented any retroactive application of *Galatis* to this case.

{¶ 14} In one of its assignments of error in *Sheaffer I*, Argonaut argued that the trial court had incorrectly held the Sheaffers to be insureds under the general commercial liability policy and under the umbrella policy. The court of appeals reversed the trial court's judgment regarding the general commercial liability policy and affirmed the trial court's judgment regarding the umbrella policy. Argonaut appealed the affirmance to this court, and we denied its appeal, foreclosing any argument as to that point of law.

{¶ 15} The issue raised in the current appeal had already been heard and decided by the court of appeals. In its second round of appeals, Argonaut presented one assignment of error to the court of appeals: "The trial court erred * * * because, as a matter of law, Plaintiffs–Appellees are not insureds under the Argonaut Umbrella Policy." *Sheaffer II*, 2004-Ohio-6755, 2004 WL 2895985, ¶ 7. This is virtually the same as an assignment of error raised in *Sheaffer I* : "The trial court erred by determining that appellees and appellees' decedent were insureds under the Argonaut policies." *Sheaffer I*, 2003-Ohio-4810, 2003 WL 22098897, ¶ 5. We are not aware of any issue that was not raised on the first round of appeals that could have been raised in the second. When we declined to accept its appeal of *Sheaffer I*, Argonaut's case was finally decided.

{¶ 16} Under the law-of-the-case doctrine, the denial of jurisdiction over a discretionary appeal by this court settles the issue of law appealed. The judgment of the court of appeals is affirmed.

Judgment affirmed.

RESNICK, PFEIFER and LANZINGER, JJ., concur.

LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., dissent.

LUNDBERG STRATTON, J., dissenting.

{¶ 17} I respectfully dissent. I agree with Argonaut that so long as it remained subject to appellate review, the case remained pending, and the court in *Sheaffer II*, 2004-Ohio-6755, 2004 WL 2895985, should have applied *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.

{¶ 18} The finality of a judgment depends upon the expiration of the appellate process. *Cowen v. State ex rel. Donovan* (1920), 101 Ohio St. 387, 402, 129 N.E. 719. The trial court entered judgment upon remand from *Sheaffer I* in October 2003, before the time for Argonaut to file an appeal from *Sheaffer I*, 2003-Ohio-4810, 2003 WL 22098897, expired. The trial court's judgment, and a change in controlling law with *Galatis*, prompted a subsequent appeal by Argonaut. With two appeals pending in two different appellate courts, no final judgment existed.

{¶ 19} When this court considered Argonaut's motion for acceptance of a discretionary appeal of *Sheaffer I*, the plaintiffs represented that "[t]he first and foremost reason why this Court should reject Appellant's appeal is that this case is still pending in the Fifth District Court of Appeals," and "[t]here is no need for this Court to exercise its discretionary jurisdiction to consider a case which is still pending in a lower appellate court. If this Court's time and consideration of this matter is ever warranted, it only will be after Appellant has exhausted its appeals of right in the lower courts."

{¶ 20} After *Galatis*, this court no longer accepted jurisdiction over a case with a *Scott–Pontzer* issue merely to apply *Galatis* if any aspect of the case remained pending in the courts below. We declined jurisdiction over *Scott–Pontzer* and *Ezawa* issues in order for the lower courts to apply *Galatis*. "[I]t is not the role of this court to accept jurisdiction over a case merely to apply *Galatis*. That is not the issue over which the appellant in this case requests review, and the courts below are in the position to apply, on remand, the law as it now stands." *Fish v. Ohio Cas. Ins. Co.*, 101 Ohio St.3d 1210, 2004-Ohio-224, 802 N.E.2d 149 (Lundberg Stratton, J., concurring).

{¶ 21} Neither did any rights vest in the plaintiffs until the appellate process concluded or the time in which to file an appeal expired. A party may claim a vested right when there is a final judgment. *Indiana Ins. Co. v. Farmers Ins. Co. of Columbus, Inc.*, Tuscarawas App. No. 2004 AP 07 0055, 2005-Ohio-1774, 2005 WL 858168, ¶ 42. However, for a judgment to be final, there must be no condition or contingency that may affect the right of the prevailing party. *Cowen v. State ex rel. Donovan*, 101 Ohio St. at 396, 129 N.E. 719. "Nor does a litigant, successful in the trial court, acquire a vested right upon entry of the judgment; the right is inchoate and does not become vested until the judgment has been affirmed on appeal or the time allowed for appeal has expired." *Fletcher v.*

*Tarasidis* (1979), 219 Va. 658, 661, 250 S.E.2d 739. Thus, the finality of a judgment is subject to the appellate process.

{¶ 22} When this court declined jurisdiction over *Sheaffer I,* another appeal was pending in the appellate court. Until the appeals process expired, I believe that this case remained pending, and our opinion in *Hopkins v. Dyer,* 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, mandated that the court in *Sheaffer II* apply the intervening case of *Westfield v. Galatis* as an exception to the law-of-the-case doctrine. Therefore, pursuant to *Hopkins,* I respectfully dissent. I would reverse the judgment of the court of appeals in *Sheaffer II* and enter judgment in favor of Argonaut.

O'CONNOR and O'DONNELL, JJ., concur in the foregoing dissenting opinion.

---

Critchfield, Critchfield & Johnston, Ltd., and Steven J. Shrock, for appellees.

Reminger & Reminger Co., L.P.A., and Amy S. Thomas, for appellant.

Paul W. Flowers, Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae, Ohio Academy of Trial Lawyers.