[Cite as *Duncan v. Cuyahoga Community College*, 2014-Ohio-835.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100121**

---

## HEATHER DUNCAN

PLAINTIFF-APPELLEE

vs.

## CUYAHOGA COMMUNITY COLLEGE, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-687796 and CV-762933

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEYS FOR APPELLANTS**

Alexandra V. Dattilo
Caroline L. Marks
Brouse McDowell
600 Superior Avenue East
Suite 1600
Cleveland, OH   44114

John C. Fairweather
John P. Hickey
Kerri L. Keller
Amanda M. Leffler
Brouse McDowell
388 South Main Street
Suite 500
Akron, OH   44311


**ATTORNEYS FOR APPELLEE**

Blake A. Dickson
Jacqueline M. Mathews
Mark D. Tolles, II
The Dickson Firm, L.L.C.
Enterprise Place, Suite 420
3401 Enterprise Parkway
Beachwood, OH   44122

SEAN C. GALLAGHER, P.J.:

{¶1} Defendants-appellants Cuyahoga Community College ("Tri-C") and Greg Soucie appeal the decision of the trial court that granted plaintiff-appellee Heather Duncan's motion to reinstate her negligence claims. For the reasons stated herein, we reverse the decision of the trial court and remand for further proceedings.

{¶2} On March 18, 2009, Duncan filed a complaint for negligence and breach of contract against appellants. Duncan, who was employed by the Bedford Heights Police Department, was injured while attending a training program, which included a self-defense class that was provided and sponsored by Tri-C and run by Soucie. Duncan alleged that appellants engaged in "negligent and/or reckless and/or wanton" conduct by conducting a self-defense class, which required participants to engage in physical activity that resulted in their bodies striking the ground, and failing to use mats on the ground or take other safety precautions to prevent the participants from getting injured. Duncan maintained that the presentation of the self-defense class was "a proprietary function" and that she "suffered injury on the property of and/or within or on the grounds of, a building that is used in connection with the performance of a governmental function." Among other allegations, Duncan alleged that appellants' "decision not to use mats was a routine, ministerial decision and not an exercise of judgment or discretion," and that appellants were "negligent and/or reckless and/or wanton" in several respects, including "creating and/or permitting the creation of and/or permitting the continued existence of a defect

and/or dangerous condition and/or nuisance" on the premises. Duncan also set forth allegations relating to her breach of contract claim.[1]

{¶3} Appellants filed an answer and eventually filed a Civ.R. 12(C) motion for judgment on the pleadings on the basis of statutory immunity. The trial court denied the motion, and the matter was appealed. In *Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092 ("*Duncan I*"), the court reversed the trial court's ruling on the negligence claim and found that Tri-C and Soucie were entitled to the immunity afforded by R.C. 2744.01 et seq. on that claim. The court found that Tri-C is a political subdivision, its class providing training to peace officers constituted a governmental function, and none of the exceptions to immunity applied. *Id.* Although Duncan alleged her injuries were caused by a "defect" that appellants permitted to exist on the premises, thereby invoking the exception to immunity provided in R.C. 2744.02(B)(4), the court determined that "the lack of mats on the floor of a classroom did not constitute a 'defect' as that word is used in R.C. 2744.02(B)(4)." *Id.* at ¶ 25-27. In reaching this determination, the court relied upon the decision in *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, ¶ 28, wherein the court construed the term "physical defect" as a "perceivable imperfection that diminishes the worth or utility of the object at issue." While the court found immunity applied to the negligence claims, the matter was remanded to the trial court for further proceedings

---

[1] We note that the action later was consolidated with *Schuch v. Cuyahoga Community College*, Cuyahoga C.P. No. CV-762933.

regarding the breach of contract claim that was not subject to interlocutory review. *Duncan I* at ¶ 29-30, *discretionary appeal not allowed*, 133 Ohio St.3d 1410, 2012-Ohio-4650, 975 N.E.2d 1029.

{¶4} Several months after the decision in *Duncan I*, the Ohio Supreme Court decided *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261. In that case, the court concluded that Cuyahoga Falls was not immune from liability in an action in which a minor was injured at an indoor swimming pool maintained by Cuyahoga Falls. *Id*. at ¶ 1. The court found that R.C. 2744.02(B)(4) applied where the complaint alleged the injury was caused by the negligence of the city in its care or control of its pool or diving board and the pool was "within the grounds of a building used in connection with the performance a governmental function." *Id*. at ¶ 8.

{¶5} After *M.H.* was decided, Duncan filed several motions in this court that were premised upon the argument that the Ohio Supreme Court's holding in *M.H.* required reconsideration of the immunity issue in Duncan's case. Those motions were denied, and the Ohio Supreme Court declined any further review. *Discretionary appeal not allowed, Duncan,* 135 Ohio St.3d 1459, 2013-Ohio-2285, 988 N.E.2d 579; and *Duncan*, 135 Ohio St.3d 1470, 2013-Ohio-2512, 989 N.E.2d 70.

{¶6} Duncan also filed in the trial court a motion to reinstate negligence claims. On July 13, 2013, the trial court granted that motion "in light of the Ohio Supreme Court's decision in *M.H. v. Cuyahoga Falls*[.]" Tri-C and Soucie timely appealed.

**{¶7}** Appellants' sole assignment of error claims that the trial court erred by reinstating the negligence claims. Appellants argue that the trial court disregarded the law-of-the-case doctrine and erred in determining that the *M.H.* case constituted an intervening decision. We find merit to these arguments.

**{¶8}** Pursuant to the law-of-the-case doctrine, "'absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.'" *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 1, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. An intervening decision by the Ohio Supreme Court is one that states a rule of law that is inconsistent with the legal conclusion or mandate reached by the appellate court. *See Hopkins* at ¶ 3; *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 183, 652 N.E.2d 742 (1995). In addition, the denial of jurisdiction over a discretionary appeal by the Ohio Supreme Court settles the issue of law appealed. *Sheaffer v. Westfield Ins. Co.*, 110 Ohio St.3d 265, 2006-Ohio-4476, 853 N.E.2d 275, ¶ 16.[2]

**{¶9}** Our review reflects that *M.H.*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, was not an intervening decision by the Ohio Supreme Court. The *M.H.* case did not construe the "physical defect" requirement of R.C. 2744.02(B)(4). Rather,

---

[2] We need not consider the parties' arguments pertaining to the denial of discretionary review in this matter.

Cuyahoga Falls had moved for summary judgment on the ground that indoor municipal swimming pools do not fall under R.C. 2744(B)(4). *Id.* at ¶ 2. In finding that the exception under R.C. 2744.02(B)(4) applied, the court determined that an injury occurring at an indoor municipal swimming pool occurred "within or on the grounds of a building that was used in connection with the performance of a governmental function." *Id.* at ¶ 11. Also, the court recognized the complaint alleged the city had been negligent in the care or control of its pool or diving board and that the negligence caused the child's injury. *Id.* at ¶ 8.

**{¶10}** Unlike *M.H.*, in this case the parties do not dispute that the alleged injury occurred within or on the grounds of a building used in connection with the performance of a governmental function. Further, there are no allegations of negligence that can be construed as involving a "physical defect" as required by R.C. 2744.02(B)(4). Pertinent to our analysis, the *M.H.* case sets forth no rule of law that is inconsistent with the determination in *Duncan I* that "a lack of mats on the floor of a classroom did not constitute a 'defect' as that word is used in R.C. 2744.02(B)(4)." *Duncan I*, 8th Dist. Cuyahoga No. 97222, 2012-Ohio-1949, 970 N.E.2d 1092, at ¶ 27.

**{¶11}** Additionally, we find no basis to conclude that the Ohio Supreme Court abrogated the "physical defect" element of R.C. 2744.02(B)(4). In fact, the court advocated application of "the plain language of the statute." *Id.* at ¶ 10. The plain language of the immunity exception in R.C. 2744.02(B)(4) holds political subdivisions "[l]iable for injury, death, or loss to person or property that is caused by the negligence of

their employees and occurs within or on the grounds of, *and is due to physical defects within or on the grounds, of buildings that are used within the performance of governmental functions * * *.*"   (Emphasis added.)

{¶12} Tri-C also cites as supplemental authority *Caraballo v. Cleveland Metro. School Dist.*, 8th Dist. Cuyahoga No. 99616, 2013-Ohio-4919.   *Caraballo* does not involve the law-of-the-case doctrine.   The court in *Caraballo* upheld the denial of a motion to dismiss on immunity grounds and determined that sufficient facts were pled to invoke the immunity exceptions set forth in R.C. 2744.02(B)(2) and (B)(4) and that further discovery was warranted.   *Id*.   With regard to R.C. 2744.02(B)(4), the court recognized that the plaintiff had asserted a physical defect within or on the grounds of the school.   *Id*. at ¶ 23-25.   More specifically, the plaintiff asserted that he might be able to prove that a metal binder clip, which allegedly was in his daughter's school lunch, came to be in the food because of employee negligence and physical defects within or on the grounds of the school.   *Id*. at ¶ 24.   As an example, the plaintiff claimed that a physical defect on the grounds of the school may have caused the collapse of a negligently or recklessly located and/or maintained storage shelf, which in turn, led to the binder clip landing in the food preparation area.   *Id*.   The *Caraballo* case is factually distinguishable and inapposite to this action.

{¶13} Because *M.C.* is not an intervening decision and there is a lack of extraordinary circumstances, the trial court had no discretion to disregard the mandate of

*Duncan I* that dismissed the negligence claims. Therefore, the trial court erred by reinstating the negligence claims.

**{¶14}** Judgment reversed. Case remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR
KEY WORDS:
Appeal No.  100121-- Heather Duncan v. Cuyahoga Community College, et al.

law of the case; mandate; intervening decision; extraordinary circumstances; immunity; R.C. 2744.02(B)(4); physical defect. Applying the law of the case doctrine, the trial court had no discretion to disregard the mandate issued in a prior appeal in the same case because the authority relied upon was not was an intervening decision and there was a lack of extraordinary circumstances. The requirement for a physical defect under the immunity exception in R.C. 2744.02(B)(4) has not been abrogated.